IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 18, 2006 Session

## STATE OF TENNESSEE v. CLAUDE THOMAS DAVIS

**Direct Appeal from the Criminal Court for Putnam County**
**No. 04-0354     Lillie Ann Sells, Judge**

---

**No. M2005-02007-CCA-R3-CD - Filed March 7, 2007**

---

The defendant, Claude Thomas Davis, was convicted of driving under the influence, seventh offense (Class E felony); driving on a revoked license, third offense (Class A misdemeanor); and violation of the implied consent law (Class A misdemeanor) on October 26, 2004. He was sentenced to serve two years in the Department of Correction. On appeal, he contends that the trial court erred in denying his motion to suppress all evidence gathered by law enforcement at his home which is also a place of business located on the parking lot where the driving offense occurred. We affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. JOSEPH M. TIPTON, P.J., filed a separate concurring opinion.

William A. Cameron, Cookeville, Tennessee, for the appellant, Claude Thomas Davis.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William Edward Gibson, District Attorney General; and Marty S. Savage, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The only witness to testify during the suppression hearing was Officer Calvin Anderson of the Cookeville Police Department. He testified that on March 23, 2003, he was dispatched to the Big Star parking lot with a report of an automobile accident. When he arrived on the scene, he was advised by an eyewitness, Steve Vance, that there had been a hit and run accident. The witness told the officer that, following the accident, the defendant stumbled from his vehicle, fell to the ground, and then entered a check cashing business. The officer said that he concluded that the defendant might have been intoxicated and went to the check cashing business to speak with the defendant.

Approximately thirty minutes into his investigation of the accident, Officer Anderson determined that the front door of the business was locked and went to the back door of the building. He said the defendant answered the door and spoke with him about the accident. He testified that he asked the defendant to step outside and claimed, "I wasn't detaining him but he was being held for investigation." Officer Anderson said he did not advise him of his Miranda rights because he was not in custody during the time they were speaking. He testified that the defendant appeared intoxicated and that he smelled an odor associated with alcohol coming from the defendant. The defendant acknowledged that he had been drinking and agreed to perform field sobriety tests, which he performed poorly. He touched the defendant only when he became unsteady on his feet due to his intoxication. He said that the defendant told him that he had a medical condition that caused him to lose his balance. After determining that the defendant was intoxicated, Officer Anderson arrested him, put him in the patrol car, and took him to jail. He said that his purpose in detaining the defendant was to determine if he was the driver of the vehicle involved in the accident. He said that he did not activate his blue lights but had his headlights on to aid videotaping when he approached the defendant's back door. He said that if the defendant had tried to leave and go back inside that he would have prevented him from doing so.

At the conclusion of Officer Anderson's testimony, the trial court attempted to clarify his statements by rehashing his testimony. The proceedings were halted to allow time for the parties and the court to review the videotape of the conversation between the defendant and officers at the scene. The next day, the court took up the suppression issue and Officer Anderson was again called to testify. He said that officers stood on each side of the defendant during questioning to prevent him from falling. He denied that this was a tactic to restrain the defendant or make him believe he was in custody. He acknowledged that the defendant told him multiple times that he had muscular dystrophy and again testified that his reason for touching the defendant, as seen in the videotape, was that the defendant was unsteady on his feet and he was concerned the defendant might fall.

The trial court allowed the parties to argue regarding the suppression issue. The defendant argued that: 1) he was in custody and, therefore, should have been advised of his Miranda rights prior to any questioning by law enforcement, and 2) the officer did not have the authority to arrest him because he was in his home and not at the scene of the accident. The State argued that the officer was conducting an investigation and that the defendant was not in custody and, therefore, not subject to Miranda. The State also argued that the defendant was still at the scene of the accident because he retreated inside a building located on the parking lot where the accident occurred. The State further argued that the defendant's arrest was valid because the officer had probable cause to arrest him based on his personal investigation.

The trial court denied the defendant's motion to suppress and set his case for trial. Thereafter, the defendant was convicted of driving under the influence, seventh offense; driving on a revoked license, third offense; and violation of the implied consent law.

Analysis

Initially, we address the State's argument that the defendant has waived the issue of the denial of his motion to suppress for failure to prepare an adequate record. We agree that the defendant had a duty to prepare an adequate record which conveys a complete account of the underlying proceedings as to the issues that form the basis of his appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn.1993). Failure to provide a complete record precludes appellate review. Id. at 561; Tenn. R. App. P. 24(b). When the appellate court is without an adequate record on appeal, we must presume a trial court's rulings were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Here, the defendant challenges the trial court's denial of his motion to suppress evidence obtained during questioning by the arresting officer. We conclude that the defendant did not provide a complete record due to his failure to include a trial transcript but, in the interest of justice, we will review the arguments presented on appeal.

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, this court is not bound by the trial court's conclusions of law. State v. Randolph, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law which this court reviews de novo. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

Here, the defendant contends that the trial court should have granted his motion to suppress, and he argues that the defendant was not at the scene of the accident when he was questioned and arrested. In support of his argument, the defendant cites two prior unreported decisions of this court, State v. Folds,[1] No. 01C01-9308-CC-00278, 1995 Tenn. Crim App. LEXIS 167 (March 3, 1995), and State v. Floyd C. Wheeler, 1984 Tenn. Crim. App. LEXIS 2487 (Tenn. Crim. App. June 22, 1984). The cases the defendant attempts to rely on, his error notwithstanding, contain a different set of circumstances from the case at hand. The defendant in the instant case was involved in an automobile accident on a parking lot in Cookeville. After his accident, he retreated into a business located in the parking lot which also happened to contain his residence. The trial court found that the parking lot and the businesses were the scene of the accident. The defendant relies upon Folds, where the police caused the defendant to be returned to the scene of the accident and determined him to be intoxicated. Here, the defendant was not returned to the scene; he never left the scene as the trial court concluded that the business/residence located on the parking lot was still the place where the accident occurred. We conclude that the officer made a valid arrest pursuant to Tennessee Code

---

[1] The defendant mistakenly refers to Folds as Felts.

Annotated section 40-7-103(a)(1) and, therefore, the defendant's statements were admissible and the motion to suppress was properly denied. The evidence does not preponderate against the trial court's finding that the defendant was not in custody at the time his statement was given. The defendant had no reason to believe he was being detained and spoke willingly with the police. Therefore, the officer was not required to advise the defendant of his <u>Miranda</u> rights.

At the scene of a traffic accident, an officer may make a warrantless arrest of a person who is the driver of a vehicle involved in such accident when, based on personal investigation, the officer has probable cause to believe that such person has committed an offense under the provisions of title 55, chapters 8 and 10 of the Tennessee Code. Driving under the influence is an offense under Tennessee Code Annotated section 55-10-401. Here, the officer had probable cause to arrest the defendant for driving under the influence. There were facts and circumstances within the officers knowledge that would warrant him to believe the defendant had committed this offense. The officer responded to a report of an accident and was informed by several witnesses that a man who appeared intoxicated had been involved in an accident in the parking lot. The man got out of his vehicle, fell down, got up, and entered a check cashing establishment. Within a short time after arriving on the scene, the officer went to the business's rear door after receiving no answer at the front door. The defendant agreed he was involved in an accident and acknowledged he had been drinking whiskey. He also acknowledged that he did not usually drive because his license was revoked for driving under the influence. The defendant failed two field sobriety tests, had trouble maintaining his balance, and was subsequently arrested. We conclude that the officer had probable cause to believe the defendant committed the offense of driving under the influence, rendering the arrest legal.

### Conclusion

Based upon the foregoing reasons and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE